SUNSET COLOR WORKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34336. Promulgated November 12, 1930.

*H. H. Halliday, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

PHILLIPS: Notwithstanding the books of petitioner were kept in a crude manner, the testimony discloses that it entered therein all amounts payable and all amounts receivable and that it kept inventories. These facts indicate that the books were kept on an accrual basis. Cf. *Mason Machine Works Co.*, 3 B. T. A. 745.

The question presented is whether petitioner had the right to accrue in 1925 the refund called for by the contract. Petitioner relies upon *Producers Fuel Co.*, 1 B. T. A. 202, while respondent relies upon *William J. Ostheimer*, 1 B. T. A. 18, *Bump Confectionery Co.*, 4 B. T. A. 50, and similar cases. These and similar decisions of the Board are referred to with approval and are cited in the footnotes to the opinion in *Lucas* v. *American Code Co.*, 280 U. S. 445.

In the instant case the petitioner made no admission of liability in the taxable year, nor did it enter upon negotiations looking to a settlement as in *Producers Fuel Co.*, *supra*. While it recognized that the day of reckoning was near, it delayed the inevitable as long as possible. It denied that the roof could not be repaired and it was not until the following year that the other party to the contract took the position that such was the fact and demanded payment accordingly. While the case differs in its facts from those upon which the respondent relies, it appears to fall within the principles which governed those decisions. We are of the opinion that under those decisions the amount here involved was not properly accruable until 1926.

*Decision will be entered for respondent.*